```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

UNITED STATES OF AMERICA        )
ex rel. NISHI A. JOSLIN #R78633,)
                                )
          Petitioner,           )
                                )
    v.                          )    No.  11 C 6575
                                )
MELODY HULETT,                  )
                                )
          Respondent.           )
```

MEMORANDUM ORDER

On September 22, 2011 this Court issued a minute order, in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), directing the Illinois Attorney General's Office to file an answer and other materials in response to the pro se Petition for Writ of Habeas Corpus ("Petition") that had been tendered by Nishi Joslin ("Joslin"). In response, Assistant Attorney General Retha Stotts has submitted a motion seeking leave to file a motion to dismiss the Petition, coupling that with a request for an extension of time to file an answer if one were called for. Attorney Stotts also arranged for Joslin to be available to participate telephonically during the November 30 date that the attorney had designated for presentment of the motion.

During that November 30 hearing this Court explained to Joslin that the motion to dismiss on grounds of untimeliness was well taken. Like many nonlawyers, Joslin had not understood that the interaction between (1) the one-year limitation period

established by 28 U.S.C. §2244(d)(1)[1] and (2) the tolling provision in Section 2244(d)(2) does not mean that a prisoner automatically has a full year after the final disposition of state post-conviction proceedings within which to file for federal habeas relief. Instead account must also be taken of any time that has elapsed between the completion of direct review (see Section 2244(d)(1)(A)) and the filing of an application for state post-conviction or other collateral review (see Section 2244(d)(2)).

In those terms the motion correctly reflects that 147 days had already run off on the one-year limitations clock before Joslin filed her state post-conviction petition on December 21, 2007. And when that time is added to the nearly full year that then passed between the September 29, 2010 date of ultimate rejection of the state post-conviction proceedings and Joslin's September 20, 2011 filing of the federal Petition, the Petition's untimeliness is beyond dispute.

Accordingly, in the language of Section 2254 Rule 4, "it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief in the district court." That being so, the same rule goes on to mandate dismissal of this

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

action.  This Court so orders.

_____
Milton I. Shadur
Senior United States District Judge

Date:  November 30, 2011